1
2
3
4
5

# UNITED STATES DISTRICT COURT

6
7

## EASTERN DISTRICT OF CALIFORNIA

8  RUDY VEGA,                                    CASE NO. 1:06-CV-517-LJO DLB-P

9              Plaintiff,                          ORDER DISMISSING COMPLAINT, WITH
                                                   LEAVE TO AMEND, FOR FAILURE TO
10      v.                                         COMPLY WITH RULE 8

11  CALIFORNIA OFFICIALS, et al.,

12              Defendants.
                                          /
13

14

15          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.

16  The court is required to screen complaints brought by prisoners seeking relief against a governmental

17  entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must

18  dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

19  malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

20  from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding

21  any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

22  time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief

23  may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

24          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

25  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

26  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

27  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

28  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

1

1    standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg.</u>

2    <u>Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most

3    favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395

4    U.S. 411, 421 (1969).

5         A.    <u>Plaintiff's Complaint</u>

6         A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a),

7    which calls for a "short and plain statement of the claim showing that the pleader is entitled to

8    relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the

9    opposing party fair notice of a claim.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does

10   not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only

11   a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the

12   grounds upon which it rests."  <u>Id</u>. at 47.  Rule 8(a) also requires that the plaintiff give notice of the

13   relief which he seeks from the defendants.

14        Plaintiff's complaint does not comply with Rule 8(a).  With the exception of stating that this

15   is a "racial disability" "religious liberties" discrimination action, where defendants violated his civil

16   rights, plaintiff fails to identify any defendants or claims.  Plaintiff's  allegations are vague,

17   conclusory, and confusing, and fail to place defendants on notice as to the basis of plaintiff's claims

18   against them.  Plaintiff requests that the court appoint counsel and states that his claims are

19   meritorious.  He then continues with difficult to read and rambling statements which are nonsensical

20   and not in compliance with Rule 8.

21        The court will provide plaintiff with one final opportunity to file a complaint that complies

22   with Rule 8.  Although plaintiff's amended complaint should not be needlessly lengthy or detailed,

23   plaintiff must allege sufficient facts for the court to ascertain the basis of his claims and whether or

24   not he states cognizable claims for relief.  Plaintiff must, under each separately enumerated claim,

25   set forth the facts that plaintiff believes give rise to the claim.  It is plaintiff's responsibility to state

26   his claims in a manner that complies with Rule 8.  Plaintiff's factual allegations must be sufficiently

27   clear that the court can determine whether or not plaintiff is entitled to proceed on his claims and that

28   defendants can defend against the claims.

Plaintiff is admonished that a claim, or cause of action, is *one* claim.  For each legal claim plaintiff is pursuing (e.g., an equal protection claim under 42 U.S.C. § 1983 or a denial of access to the courts claim under 42 U.S.C. § 1983), plaintiff shall label the claim and set forth the facts that he believes give rise to the claim.  Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

B.    Conclusion

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to comply with Rule 8;

2.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint setting forth clearly each of his claims and the factual allegations in support of each claim; and

3.    The failure to file an amended complaint that complies with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:    September 28, 2007                    /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE

3