# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY VEGA, | CASE NO. 1:06-CV-517-LJO DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF |
| v. | |
| CALIFORNIA OFFICIALS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. On November 1, 2007, plaintiff filed a motion for injunctive relief seeking an order from the court granting him access to the law library and legal materials.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. A preliminary injunction does not serve the purpose of ensuring that plaintiff is able to litigate this action effectively or efficiently. The issuance of the order sought by plaintiff in his motion would not remedy any of the claims alleged in this action.[1] Accordingly, the court lacks jurisdiction to issue such an order.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for a court order requiring prison officials provide him with law library access, filed November 1, 2007, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 5, 2007**            /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] On October 1, 2007, the Court dismissed plaintiff's complaint for failure to state a claim upon which can be granted. The Court granted plaintiff leave to file an amended complaint, which plaintiff has not yet done. However, a court order seeking law library access to litigate this action unquestionably fails to remedy underlying claims alleged in the original complaint in this action.

2